IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HOWARD L. MOON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-261-JJF |
| | ) | |
| THE DELAWARE RIVER AND BAY AUTHORITY, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

### DEFENDANT'S REPLY BRIEF IN SUPPORT OF
### ITS MOTION FOR JUDGMENT ON THE PLEADINGS

YOUNG CONAWAY STARGATT & TAYLOR, LLP

William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6623
Facsimile: (302) 576-3282, 3314
wbowser@ycst.com; amartinelli@ycst.com
Attorneys for Defendant
Delaware River and Bay Authority

DATED:   September 15, 2005

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ................................................................................................. ii

SUMMARY OF ARGUMENT ............................................................................................. 1

ARGUMENT ......................................................................................................................... 2

I.    MOON'S HOSTILE WORK ENVIRONMENT CLAIMS
SHOULD BE DISMISSED FOR FAILURE TO EXHAUST
ADMINISTRATIVE REMEDIES ................................................................... 2

A.    The Charge Itself Is The Only Relevant Document For Purposes
Of Administrative Exhaustion ........................................................................... 2

B.    Central Purpose Of Filing Written Charge Is To Allow EEOC To
Conciliate, A Purpose Which Would Be Frustrated If Moon Were
Allowed To Proceed With His Hostile Work Environment Claims ................. 5

C.    Moon Had A Chance To Review The Charge Before Signing .......................... 6

D.    Moon Has Pointed To No Violation Of Regulation By The EEOC
That Would Suggest He Should Be Allowed To Avoid The
Administrative Exhaustion Requirements ........................................................ 7

II.    MOON'S IMPLIED COVENANT CLAIM SHOULD BE
DISMISSED BECAUSE IT IS BARRED BY THE
EXCLUSIVITY PROVISION OF THE DISCRIMINATION IN
EMPLOYMENT ACT ...................................................................................... 9

CONCLUSION .................................................................................................................... 11

## TABLE OF AUTHORITIES

**PAGE**

**Cases**

Burnett v. New York Central R. Co.,
380 U.S. 424 (1955) .......................................................................................................... 8

Cannon v. State of Delaware,
523 F. Supp. 341 (D. Del. 1981) .................................................................................... 7, 8

Cheek v. Western & Southern Life Ins.,
31 F.3d 497 (7th Cir. 1994) ............................................................................................... 9

Ebert v. Office of Info. Systems,
C.A. No. 97-530-SLR, 1998 U.S. Dist. LEXIS 9100 (D. Del. June 12, 1998) ............... 2, 6

Fairchild v. Forma Scientific, et. al.,
147 F.3d 567 (7th Cir. 1988) ............................................................................................. 3

Hicks v. ABT Associates,
572 F.2d 960 (3d Cir. 1978) ........................................................................................... 5, 7

Holman v. Trammel Crow Co.,
No. 03-3603, 2005 U.S. Dist LEXIS 1608 (E.D. Pa. Feb. 3, 2005) .................................. 9

Lawton v. Sunoco, Inc.,
No. 01-2784, 2002 U.S. Dist. LEXIS 13039 (E.D. Pa. July 17, 2002) ............................. 9

McAdams v. Thermal Indus, Inc.,
428 F. Supp. 156 (W.D. Pa. 1977) ................................................................................. 7, 8

Nerosa v. Storecast Merchandising Corp.,
No. 02-440, 2002 U.S. Dist. LEXIS 16210 (E.D. Pa. Aug. 28, 2002) .............................. 4

Novitsky v. American Consulting Engineers,
96 F.3d 699 (7th Cir. 1999) ....................................................................................... 4, 6, 7

Sanchez v. Standard Brands, Inc.,
431 F.2d 455 (5th Cir. 1970) ............................................................................................. 3

Schuster v. DeRocili,
775 A.2d 1029 (Del. 2001) .............................................................................................. 10

Vela v. Sauk Village,
218 F.3d 661 (7th Cir. 2000) ............................................................................................. 5

<u>Statutes</u>

19 <u>Del. C.</u> § 712(b) .............................................................................................................. 10

29 C.F.R. § 1601.13(d)(1) ............................................................................................... 8

29 C.F.R. § 1601.9 ........................................................................................................... 5

42 U.S.C. § 2000e5(b) ................................................................................................ 4, 5

Fed. R. Civ. P. 56 ............................................................................................................. 1

## **SUMMARY OF ARGUMENT**

Confronted with the possible dismissal of a large portion of his case due to failure to exhaust administrative remedies, Plaintiff Howard Moon ("Moon") now asserts the equivalent of "my dog ate my homework" defense.[1] Moon attempts to shift blame for the failure by claiming that he provided the EEOC with documentation to support his hostile work environment claims and that the EEOC orally assured him that they would be investigated. Curiously, Moon has not provided the alleged documents to the Court in connection with the pending motion to dismiss; therefore, the only evidence of such is Moon's own 11th-hour assertion.

Despite the fact that Moon had a chance to review his charges before signing them under oath and that he was represented by counsel early enough to cure any alleged deficiencies, Moon now urges this Court to disregard well-settled law and permit Moon's hostile work environment claims to proceed without being included in the charging documents. To do so would obviate the purpose of requiring administrative claims in the first place: to give notice to the employer and the opportunity to conciliate. Clearly, Defendant Delaware River and Bay Authority ("DRBA") had no notice of any hostile work environment claims as the only documents it received were the charging documents. Therefore, it had no notice or opportunity to conciliate these claims. For this reason, Moon should not be permitted to circumvent the administrative requirements by proceeding with the hostile work environment claims in this lawsuit.

---

[1] By introducing evidence outside of the pleadings, Defendant assumes that Plaintiff has converted Defendant's Motion for Judgment on the Pleadings into a Motion for Summary Judgment under Fed. R. Civ. P. 56.

# ARGUMENT

I. **MOON'S HOSTILE WORK ENVIRONMENT CLAIMS SHOULD BE DISMISSED FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

A. **The Charge Itself Is The Only Relevant Document For Purposes Of Administrative Exhaustion**

The parties agree on the basic principle that the parameters of a civil complaint following a notice of a right to sue from the EEOC are "defined by the scope of the EEOC investigation which can reasonably be expected to grow out of <u>the charge of discrimination</u>, regardless of the actual scope of the EEOC investigation." Plaintiff's Opposition Brief at page 10 ("Opp. Br. at ___"); <u>Ebert v. Office of Info. Systems</u>, C.A. No. 97-530-SLR, 1998 U.S. Dist. LEXIS 9100 at *12 (D. Del. June 12, 1998) (emphasis added). Thus, the standard, as articulated by the District of Delaware and uncontested by Moon, is based on what is contained in the charging document itself—not oral representations or supplemental documentation provided by the charging party, not even the actual scope of the EEOC investigation.

Moon did not mention the word "hostile work environment" in either of charges. Notably, Moon was represented by counsel no later than May 11, 2004. Thus, when Mrs. Bush of the EEOC sent a letter on May 12, 2004, notifying Moon that she was assigned to the charge and requesting any additional information, Moon or his counsel had an opportunity to assert at that time that Moon's allegations included hostile work environment and should be included in his Charge. In his February 10, 2005, letter to the EEOC Moon specifically referenced being subjected to a "hostile working environment," so it is clear that he knew the term.

More importantly, however, the facts alleged in Moon's two charges of discrimination would not reasonably lead the EEOC to investigate incidents relating to an alleged hostile environment. Thus, Moon did not just "fail to articulate correctly the legal conclusion emanating from his factual allegations," his factual allegations could support only one kind of discrimination: failure to promote. See Fairchild v. Forma Scientific, et. al., 147 F.3d 567, 575-76 (7th Cir. 1988) (quoting Sanchez v. Standard Brands, Inc., 431 F.2d 455, 462 (5th Cir. 1970) ("finding that a charging party's rights should [not] be cut off merely because he fails to articulate correctly the legal conclusion emanating from his factual allegations"). There is simply nothing in either of Moon's charges that would lead to a review of events going back ten years earlier than the date listed as the earliest event on his charge or an expanding the scope of investigation beyond the specific promotions described.

Moon asserts in his brief that by "providing supplemental documentation and includ[ing] a specific incident in Charge I," he gave notice to the EEOC of a hostile work environment claim. Moon's alleged "supplemental documentation"[2] appears to be information attached to the intake questionnaire completed during his March 10, 2004, visit with the EEOC. Opp. Br. at 2. Thus, this information was submitted <u>before</u> he reviewed and signed his charge of discrimination. Therefore, if Moon believed that his

---

[2] Moon has not produced a copy of this alleged document that forms the basis of his defense to DRBA's motion to dismiss. Thus, the Court and DRBA are left to guess at the details of this mystery document. Moon is vague regarding its nature, stating only that "in addition to the paperwork that the EEOC requested that I complete, I attached additional documentation to support my charge" in his initial March 10, 2004, meeting at the EEOC. Moon Aff. at ¶3. He does not suggest, however, that this "additional documentation" was condensed in the form of a signed affidavit regarding a hostile work environment, nor was it supplied after he filed his charge in the form of a request to amend his charge.

charge was incomplete based on the material submitted, he had the opportunity to cure the deficiency prior to signing the charge.

Moreover, the content of any such documentation is irrelevant, since it is only the charging document itself which governs the scope of the investigation for exhaustion purposes, and it is only the document itself which is provided to the employer as notice of the claims. See Novitsky v. American Consulting Engineers, 196 F.3d 699 (7th Cir. 1999) (noting that with respect to administrative exhaustion, "it is the charge rather than the questionnaire that matters") (citing 42 U.S.C. § 2000e5(b)).

Moon's allegation that he "included a specific incident" that would lead to an investigation of a hostile work environment in his initial charge is totally unfounded. The single alleged incident of "finger pointing" was described in the context of a discussion regarding a specific promotion. The remaining facts in the charge relate only to specific promotions that he applied for and was denied. There is simply no "common nexus of facts" as required by law. See, e.g., Nerosa v. Storecast Merchandising Corp., No. 02-440, 2002 U.S. Dist. LEXIS 16210 at *5 (E.D. Pa. Aug. 28, 2002) (dismissing plaintiff's hostile work environment claims where nothing in the charge fulfilled the requirement of a "close nexus of the facts" of that claim and the content of the administrative charges). The only common nexus in this case is that the allegations involve the same defendant. To treat any and all claims under Title VII against the DRBA as related to one another would eviscerate the statutory charge requirement. See Novitsky, 196 F.3d at 701.

If Moon intended to raise a hostile work environment claim and believed that the "finger-pointing" incident supported such a claim, why would he fail to include

the dozens of other examples that were included in his lawsuit? Moon's intentions, however, are beside the point. What matters for purposes of Title VII exhaustion is what found its way into the charging documents, and it is clear that the contents of the charging documents could in no way put the EEOC or the DRBA on notice of a hostile work environment claim.

**B.  Central Purpose Of Filing Written Charge Is To Allow EEOC To Conciliate, A Purpose Which Would Be Frustrated If Moon Were Allowed To Proceed With His Hostile Work Environment Claims**

Title VII requires that "charges shall be in writing under oath or affirmation," and the regulations include the same requirement. 42 U.S.C. § 2000e-5(b); 29 C.F.R. § 1601.9. The purpose of the filing requirement is to provide notice to the employer and permit the EEOC to use informal, non-judicial means of reconciling the differences between a charging party and employer. See Hicks v. ABT Associates, 572 F.2d 960, 963 (3d Cir. 1978).

This important policy concern behind the requirement that charges be submitted in writing should not be overlooked lightly. Neither oral representations, nor written documentation which cannot be expected to reach the employer should be deemed a part of the charge, as the only notice received by the employer is what is contained in the charge itself. See Vela v. Sauk Village, 218 F.3d 661, 665 (7th Cir. 2000) (holding that an oral charge is not a sufficient predicate for a discrimination claim, as an oral statement cannot be expected to reach the employer). Therefore, if Moon were permitted to proceed with his hostile work environment claim (assuming arguendo that he submitted documentation or had oral discussions reflecting such a claim), a central reason behind the administrative exhaustion requirement would be nullified, as DRBA had no

notice or opportunity to conciliate this claim. See Ebert, 1998 U.S. Dist. LEXIS at *12 (noting that the statutory scheme of Title VII emphasizes informal means of achieving settlement over formal adjudication, thus plaintiffs are required to set forth in the charge to the EEOC those allegations subsequently raised in the district court).

**C.    Moon Had A Chance To Review The Charge Before Signing**

Moon alleges that he provided the EEOC with documentation supporting a hostile work environment claim, and attempts to shift the blame to the EEOC for not including this information in his charge. Moon, however, had ample opportunity to correct any alleged errors on the part of the EEOC. He had the opportunity to read and sign both of his charges. As aptly put by the Seventh Circuit Court of Appeals in response to a similar attempt to blame the EEOC:

> . . . the charge is not the work of a faceless bureaucrat, leaving victims of discrimination helpless to protect themselves. Complainants are free to draft and file charges on their own, or hire attorneys to do so, and a charge drafted by the EEOC's staff is not filed unless the complainant signs it—as Novitsky did. If she had been dissatisfied with the staff's understanding of her answers, all she had to do was point this out and ask for an addition.

Novitsky, 196 F.3d at 702.

The DRBA has reason to believe that Moon was represented by counsel when he signed his initial charge. At a minimum, he was represented at the time the EEOC investigator wrote to advise him of her assignment as investigator and requested any additional information.[3] Nevertheless, whether Moon was represented or not,

---

[3] Mrs. Bush of the EEOC sent a letter to Moon dated May 12, 2004. B-0005. DRBA received a letter from Moon's counsel on May 11, 2004, indicating that counsel was retained by Moon. C1. Therefore, at the latest, Moon's counsel was retained in advance of the May 12, 2004, EEOC letter, and therefore could advise him to amend the charge to include the hostile work environment claims.

whether or not he understood the import of his charge, it is still a binding legal document once signed. Not to hold Moon to the contents of this charge would "undermine the validity of the written word and encourage people either to close their eyes . . . or to come up with hard-to-refute tales of not reading or understanding the documents they sign." Id. Moon is a well-educated, sophisticated professional who retained counsel and had every opportunity to review the charging document before signing it under oath, or to amend it at a later date. Under these circumstances, there is no compelling reason to permit him to now claim "foul" with respect to the contents of the document.

D.  **Moon Has Pointed To No Violation Of Regulation By The EEOC That Would Suggest He Should Be Allowed To Avoid The Administrative Exhaustion Requirements**

Moon argues that because he made a "good faith effort to comply with the administrative process by filing charges with the EEOC" and "relied on the special expertise of the EEOC to implement proper procedures," he should not be barred from suit. Op. Br. at 12 citing McAdams v. Thermal Indus, Inc., 428 F. Supp. 156, 161 (W.D. Pa. 1977) and Cannon v. State of Delaware, 523 F. Supp. 341, 345 (D. Del. 1981). Although Moon quotes extensively from regulations regarding the investigative authority of the EEOC, he does not point to a specific violation of these regulations. He does not assert, for example, that the EEOC refused to accept amendments to his charge. See Hicks 572 F.2d at 964 (holding that where evidence shows claimant reasonably attempted to amend his charge to include an additional type of discrimination, and the EEOC refused to accept the amendment, that such circumstances would create an excuse for the failure to file such a charge administratively). Nor does he assert that the EEOC failed to notify the Department of Labor, as required by the state deferral requirement in Title VII.

The cases cited by Moon in support of his argument that he should not be barred from suit due to the EEOC's alleged negligent omission: Cannon, 523 F. Supp. 341, McAdams, 428 F. Supp. 156, and Burnett v. New York Central R. Co., 380 U.S. 424 (1955), are inapposite to this case. Burnett involved a plaintiff who filed a claim in the wrong court for purposes of venue and did not involve issues of administrative exhaustion. Cannon and McAdams both involved situations where the EEOC failed to notify the state labor agency of the claimant's discrimination charge pursuant to regulations requiring that the EEOC defer to state authorities. In those cases, the courts have generally held that the EEOC's negligent failure to defer to the proper state agency should not bar the plaintiff's suit. See Cannon, 523 F. Supp. at 345 (citing McAdams, 428 F. Supp. at 161).

The reasoning behind this line of cases is wholly inapplicable to the case at bar. First, these cases involve a specific regulation which the EEOC failed to follow. See 29 C.F.R. § 1601.13(d)(1) (requiring the EEOC to forward the charge to the state or local agency). Moon has failed to identify any regulation which the EEOC did not follow.

Second, in the case of failure to defer to the state agency, the employer still receives notice of the charge and has the opportunity to conciliate. In this case, DRBA had no notice of, or opportunity to conciliate, Moon's hostile work environment claim. In Cannon, the court noted that the employer had "notice of Ms. Cannon's charge and appeared for a fact-finding and conciliation proceeding." Cannon, 523 F. Supp. at 345. Thus, the prejudice to the employer of allowing the claims to proceed in Cannon was minimal. This is far from the case with Moon's hostile work environment claims.

Third, a claimant has little way to know of, or to follow up on the EEOC's requirement to defer to state agencies. This is a technical requirement that claimants must rely on the EEOC to complete. This is entirely unlike the factual contents of the charge itself, which are not technical in nature, and which the claimant must review and attest under oath that he has read. Thus, any alleged oversight by the EEOC would be immediately apparent to the claimant, unlike the deferral requirement.

Moon has failed to supply any cases on point with his situation, which have permitted allegations not included in the claimant's charge to proceed in a lawsuit. Nor has he distinguished the numerous on-point cases, cited in DRBA's opening brief, which hold just the opposite. See, e.g., Cheek v. Western & Southern Life Ins., 31 F.3d 497, 504 (7th Cir. 1994) (holding that hostile work environment claims cannot ordinarily be inferred from charges); Holman v. Trammel Crow Co., No. 03-3603, 2005 U.S. Dist LEXIS 1608, at *13 (E.D. Pa. Feb. 3, 2005) (holding that even where facts presented in the charge may be an "environmental" nature, such facts must be offered in the context of a hostile work environment claim, not in relation to other claims); Lawton v. Sunoco, Inc., No. 01-2784, 2002 U.S. Dist. LEXIS 13039, at *13 (E.D. Pa. July 17, 2002) (dismissing plaintiff's hostile work environment allegations where charge did not identify remarks or other racially harassing conduct toward plaintiff, and therefore did not provide appropriate notice of these claims).

## II. MOON'S IMPLIED COVENANT CLAIM SHOULD BE DISMISSED BECAUSE IT IS BARRED BY THE EXCLUSIVITY PROVISION OF THE DISCRIMINATION IN EMPLOYMENT ACT

Moon claims that his implied covenant claim should be allowed to proceed because the synopsis of the amendments to the Delaware Discrimination in Employment Act makes reference to the requirement of "initial" processing with the

Delaware Department of Labor. Opp. Br. at 15. Based on this reference alone, Moon alleges that the amendments do not preclude Moon from moving forward with his implied covenant claim in this lawsuit, because he has already allowed the Department of Labor to initially process the claims. Id. This argument is simply absurd. Such an interpretation would render a nullity the explicit language of the statute, which states that "this subchapter shall afford the sole remedy for claims alleging a violation of this chapter to the exclusion of all other remedies." 19 Del. C. § 712(b).

Moreover, in Schuster v. DeRocili, 775 A.2d 1029 (Del. 2001), the case Moon agrees that the General Assembly intended specifically to address, the plaintiff did in fact file her claims with the Department of Labor, who dismissed her charge before the court proceeded with her implied covenant claim. 775 A.2d at 1031-32. Therefore, it is irrefutable that the General Assembly intended specifically to prohibit exactly what Moon requests here: allowing a plaintiff to proceed with an implied covenant claim which alleges only discrimination claims addressed by the Delaware Discrimination in Employment Act.

**CONCLUSION**

For the foregoing reasons, the DRBA respectfully requests that Moon's Complaint be dismissed in part, dismissing the implied covenant claim and all other allegations except the failure to promote allegations previously raised with the EEOC.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adria B. Martinelli
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6623
Facsimile: (302) 576-3282, 3314
wbowser@ycst.com; amartinelli@ycst.com
Attorneys for Defendant
Delaware River and Bay Authority

DATED:    September 15, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOWARD L. MOON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 05-261-JJF |
| | ) |
| THE DELAWARE RIVER AND BAY AUTHORITY, | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2005, I electronically filed a true and correct copy of the foregoing **Defendant's Reply Brief in Support of Its Motion For Judgment On The Pleadings, Defendant's Appendix to Reply Brief in Support of Its Motion For Judgment On The Pleadings, and this Certificate of Service** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

> Jeffrey K. Martin (Bar I.D. 2407)
> Keri L. Morris (Bar I.D. 4656)
> Margolis Edelstein
> 1509 Gilpin Avenue
> Wilmington, DE 19806

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adria B. Martinelli
_____
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com
Attorneys for Defendants
Delaware River and Bay Authority