# YOUNG CONAWAY STARGATT & TAYLOR, LLP

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

ADRIA B. MARTINELLI
DIRECT DIAL:  302.571.6613
DIRECT FAX:   302.576.3314
amartinelli@ycst.com

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

November 22, 2005

The Honorable Joseph J. Farnan, Jr.
United States District Court for the District of Delaware
844 N. King Street
Lock Box 27
Wilmington, DE 19801

      RE:    <u>Moon v. The Delaware River and Bay Authority, C.A. No. 05-261 (JJF)</u>

Dear Judge Farnan:

      Pursuant to Local Rule 7.1.2(c), this letter is submitted to bring to the Court's attention a recently decided case supporting Defendant's Motion for Judgment on the Pleadings, which has been briefed and is pending before the Court.

      As Your Honor knows, Plaintiff contends that Defendant "breached the Covenant of Good Faith and Fair Dealing to Plaintiff by failing to promote him and by discriminating against him based upon his race."  Complaint paragraph 64.  Defendant's Motion for Judgment on the Pleadings included an argument that Plaintiff's implied covenant claim should be dismissed based on the 2004 amendments to Delaware's discrimination law, which added that the statute was to be the "sole remedy" for an aggrieved employee.  <u>See</u> 19 <u>Del. C.</u> § 712(b) (2004).

      Since the completion of briefing, a decision directly on point was issued by the Third Circuit Court of Appeals in <u>Equal Employment Opportunity Commission v. Avecia, Inc.</u>, 2005 U.S. App. LEXIS 22157, **7-8 (3d Cir. Oct. 13, 2005) (copy attached).  There, the Third Circuit accepted the same argument made by the Defendant in this case.  <u>See</u> Defendant's Opening Brief page 20.

      In <u>Avecia</u>, the Third Circuit eliminated any doubt as to the effect of the "exclusive remedy" provision included in Delaware's discrimination law and further held that the statute was intended to be retroactive.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

The Honorable Joseph J. Farnan, Jr.
November 22, 2005
Page 2

   Based on the Third Circuit's decision in <u>Avecia</u>, as well as the arguments set forth in Defendant's previously submitted briefs, Defendant's motion for judgment on the pleadings should be granted as to Plaintiff's implied covenant claim.

    Respectfully submitted,

    YOUNG CONAWAY STARGATT & TAYLOR, LLP

    /s/ Adria B. Martinelli
    William W. Bowser, Esquire (Bar I.D. 2239)
    Adria B. Martinelli, Esquire (Bar I.D. 4056)
    The Brandywine Building, 17th Floor
    1000 West Street
    P.O. Box 391
    Wilmington, Delaware 19899-0391
    Telephone: (302) 571-6601, 6613
    Facsimile: (302) 576-3282, 3314
    Email: wbowser@ycst.com; amartinelli@ycst.com
    Attorneys for Defendants
    Delaware River and Bay Authority


cc:  Jeffrey K. Martin, Esquire (via CM/ECF) (w/att.)

LEXSEE 2005 US APP LEXIS 22157

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION; LISA STEPLER v.
AVECIA, INC.; Lisa Stepler, Appellant**

**No. 04-3396**

**UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT**

*2005 U.S. App. LEXIS 22157*

**July 12, 2005, Argued
October 13, 2005, Filed**

**NOTICE:** [*1] RULES OF THE THIRD CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT

**PRIOR HISTORY:** ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE. Dist. Court Civil Action No. 03-CV-00320. District Judge: The Honorable Susan L. Robinson. *Stepler v. Avecia Inc., 2004 U.S. Dist. LEXIS 14955 (D. Del., July 19, 2004)*

**LexisNexis(R) Headnotes**

**COUNSEL:** PHILLIP B. BARTOSHESKY (ARGUED), Biggs and Battaglia, Wilmington, Del., Counsel for Appellant.

GINGER D. SCHRODER (ARGUED), Schroder, Joseph & Associates LLP, Buffalo, N.Y.; JENNIFER C. JAUFFRET, Richards, Layton & Finger, Wilmington, DE, Counsel for Appellee.

**JUDGES:** Before: ALITO, BECKER, and GREENBERG, Circuit Judges.

**OPINION:**

OPINION OF THE COURT

PER CURIAM:

Lisa Stepler, a former laboratory technician for Avecia, Inc. ("Avecia") sued Avecia for retaliation under *Title VII of the Civil Rights Act of 1964*, wrongful termination under Delaware law, and intentional infliction of emotional distress under Delaware law. The District Court dismissed Stepler's claim for intentional infliction of emotional distress and granted summary judgment in favor of Avecia on Stepler's retaliation and wrongful termination claims. We affirm the dismissal [*2] of the claim for the intentional affliction of emotional distress and the entry of summary judgment in favor of Avecia on the wrongful termination claim. However, we reverse the entry of summary judgment in favor of Avecia on the retaliation claim and remand for further proceedings.

I

Stepler asserts that this case should have been analyzed under the framework of *Price Waterhouse v. Hopkins, 490 U.S. 228, 104 L. Ed. 2d 268, 109 S. Ct. 1775 (1989)* n1 Under that framework, the "burden of production and the risk of non-persuasion are shifted to the defendant," and the defendant must show "that even if discrimination was a motivating factor in the adverse employment decision, it would have made the same employment decision regardless of its discriminatory animus." *Armbruster v. Unisys Corp., 32 F.3d 768, 778 (3d Cir. 1994)*. This framework only applies, however, where the employee can show "*direct evidence* that an illegitimate criterion was a substantial factor in the deci-

sion." *Price Waterhouse, 490 U.S. at 276* (O'Connor, J., concurring in the judgment) (emphasis added); see also *Walden v Georgia-Pacific Corp., 126 F.3d 506, 513 (3d Cir. 1997)* [*3] We have carefully considered the evidence on which Stepler relies in this case, and while the question is close we conclude that she did not meet the "direct evidence" standard

> n1 *42 U.S.C. § 2000e-2(m)* does not reach retaliation claims  *Woodson v Scott Paper Co., 109 F.3d 913, 934 (3d Cir.),* cert. denied, *522 U.S. 914, 139 L. Ed. 2d 230, 118 S. Ct. 299 (1997)*

Stepler's Title VII claims must be analyzed under the burden-shifting framework established by *McDonnell Douglas Corp. v. Green, 411 U.S. 792, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973),* and its progeny. Under this framework, Stepler was first required to make out a prima facie case of retaliation by establishing (1) that she engaged in a protected activity, (2) that she suffered an adverse employment action, and (3) that there was a causal link between her protected activity and the adverse employment action *Farrell v. Planters Lifesavers Co., 206 F.3d 271, 279 (3d Cir. 2000).* If Stepler [*4] successfully made out a prima facie case, Avecia had to point to evidence in the summary judgment record that was sufficient, if believed, to support a finding that Stepler was not discharged because of her protected activity. See *St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506-507, 125 L. Ed. 2d 407, 113 S. Ct. 2742 (1993).* If Avecia met this burden, Stepler was required to prove that unlawful retaliation was a determinative cause of her firing See *McDonnell Douglas, 411 U.S. at 802-803.*

Stepler clearly satisfied the first two prongs of the prima facie case standard. Her complaints about a hostile work environment and retaliation were protected activities, and her firing by Avecia obviously was an adverse employment action. Whether she proffered sufficient evidence to meet the third prong of the prima facie case standard is less clear due to the gap of almost one year between her initial complaint and her termination, but a gap of this magnitude is not conclusive and can be outweighed by a "pattern of harassment" or a "pattern of antagonism" in the intervening period See *Woodson v. Scott Paper Co., 109 F.3d 913, 920 (3d Cir. 1997);* see also [*5] *Robinson v. Southeastern Pennsylvania Transp. Auth., 982 F.2d 892, 894-95 (3d Cir. 1993)* A reasonable jury considering the evidence in the light most favorable to Stepler -- including Stepler's performance reviews, management's increased scrutiny of her, the tension with her co-workers, the memorandum of April 23, 2001, and the termination letter -- could conclude that there was a causal link between Stepler's protected activities and Avecia's decision to fire her We thus conclude that Stepler made out a prima facie case

Avecia's proffered reasons for Stepler's termination were poor work performance and disruptive behavior, but a reasonable jury considering the evidence in the light most favorable to Stepler, and drawing all inferences in Stepler's favor, could conclude otherwise. Particularly noteworthy are the references in both the April 23 memo and the May 4, 2001, termination letter to Stepler's "intense focus upon alleged harassment [and] retaliation." App. 264, 371

III.

Conversely, there are no issues of fact precluding summary judgment in favor of Avecia on Stepler's state law claim for breach of the covenant of good faith and fair dealing

The general [*6] rule in Delaware is that employees are employed "at will" and may be dismissed at any time without cause See *Merrill v. Crothall-American, Inc., 606 A.2d 96, 103 (Del. 1992).* The general rule does not apply, however, in the following four situations:

> (i) where the termination violated public policy;
>
> (ii) where the employer misrepresented an important fact and the employee relied "thereon either to accept a new position or remain in a present one";
>
> (iii) where the employer used its superior bargaining power to deprive an employee
>
> of clearly identifiable compensation related to the employee's past service; and

(iv) where the employer falsified or manipulated employment records to create fictitious grounds for termination.

*Lord v. Souder, 748 A.2d 393, 400 (Del. 2000)* (citing *E.I. DuPont de Nemours and Co. v. Pressman, 679 A.2d 436, 442-44 (Del. 1996))*. Stepler claims that Avecia's actions fit into either the first or fourth category. She contends that the first category fits because being fired for opposition to sexual harassment and retaliation violates public policy, and she argues that the fourth **[\*7]** category fits because she was subjected to false criticisms of her work in her performance evaluation, false claims that she was using work time to study, and false claims that she was fired for behavioral and performance issues.

    In order to make out a claim of a public policy violation, a plaintiff must satisfy a two-part test: "(i) the employee must assert a public interest recognized by some legislative, administrative or judicial authority and (ii) the employee must occupy a position with responsibility for advancing or sustaining that particular interest." *Lord, 748 A.2d at 401* (citing *Pressman, 679 A.2d at 441-42*). To satisfy the first part, Stepler relies on the Delaware Supreme Court's decision in *Schuster v. Derocili, 775 A.2d 1029 (Del. 2001)*, which recognized a cause of action for breach of the covenant of good faith and fair dealing where the employee alleged that she was terminated following sexual harassment in the workplace. But in 2004 the Delaware legislature amended *19 Del. C. § 710 et seq.*, which prohibits discrimination in employment practices, in order to clarify that this statute **[\*8]** was the "sole remedy" for an aggrieved employee "to the exclusion of all other remedies." *19 Del. C. § 712(b)* (2005). In fact, the synopsis of the Senate Bill expressly states disagreement with the Delaware Supreme Court's decision in Schuster:

> This bill confirms that Chapter 7 is the exclusive and sole remedy for employment discrimination claims, requiring initial processing of all such claims with the Department of Labor for review and action. This bill effectively re-establishes the exclusive remedy put in question by the decision in *Schuster v. Derocili, 775 A.2d 1029 (2001)*.

Delaware Bill Summary, 2004 Reg. Sess. S.B. 154. Moreover, when the bill is read in light of the sponsor statement, which "confirms" and "re-establishes" the pre-existing rule "put in question by" Schuster, it is clear that the 2004 Amendment is meant to be retroactive. Thus Stepler has not asserted a recognized public interest, and Avecia's actions do not fit into the first category.

    Nor do they fit into the fourth category: falsification or manipulation of employment records to create fictitious grounds for termination. Even if we assume **[\*9]** that Stepler was subjected to false criticisms of her work performance and false claims that she was using work time to study, there is no evidence that these particular criticisms and claims were the grounds for Stepler's termination. And even if we assume that Avecia falsely claimed that Stepler was fired for behavioral and performance issues, this is not the kind of falsehood specified in the fourth category, which provides that an employer violates the covenant of good faith and fair dealing when it "falsifie[s] or manipulate[s] employment records to create fictitious grounds for termination." *Lord, 748 A.2d at 400.* If the employer did not actually falsify or manipulate employment records, then it does not matter if the employer gave a false rationale for termination. See *Williams v. Caruso, 966 F. Supp. 287, 291 (D. Del. 1997)* ("Nothing in Pressman suggests an employer who gives an employee a false reason for termination is subject to liability under the implied covenant of good faith and fair dealing. Pressman only held culpable the manufacture of grounds for dismissal, not the statement of a false reason for dismissal.") **[\*10]** (emphasis in original); see also *Geddis v. University of Delaware, 40 Fed. Appx. 650, 654 (3d Cir. 2002)* (unpublished) (noting that the employee did not claim his supervisor "intentionally created 'fictitious negative information' about him in order to get him fired" and thus the conduct at issue did not fit the fourth Pressman category) (quoting *Schuster, 775 A.2d at 1040*).

    IV.

    Under Delaware law, the general rule is that the worker's compensation administrative process is the exclusive remedy for an employee who suffers a work-related accident causing personal injury or death. See *19 Del. Code Ann. § 2304* (2005). However, the Delaware Supreme Court has held that "claims that involve a true intent by the employer to injure the employee fall outside of the Workers' Compensation Act and remain separately actionable as common law tort claims." *Rafferty v. Hartman Walsh Painting Co., 760 A.2d 157, 159 (Del. 2000)* (emphasis added); see also *Show-*

2005 U.S. App. LEXIS 22157, *

*ell v. Langston, 2003 Del. Super. LEXIS 95, No. Civ. A. 02C-01-016, 2003 WL 1387142, at \*3 (Del. Super. Mar. 05, 2003)* (citing Rafferty). Thus, "for a complaint [\*11] to survive a motion to dismiss, there must be more than a mere allegation that there was an intentional injury; there must be facts alleged which, if true, show deliberate intent to bring about an injury." *Rafferty, 760 A.2d at 160.* In other words, an employee must allege facts that, if true, would show that the employer intended to injure her. It would not be enough to allege facts showing that the employer intended to do an action and that the worker was injured as a result of that action. Specific intent is required.

Stepler cites Rafferty and argues that her claim for intentional infliction of emotional distress is not barred. In a Memorandum Order of April 28, 2004, the District Court rejected Stepler's argument. We agree with the District Court's analysis.

We therefore affirm the District Court's order of summary judgment in favor of Avecia on Stepler's claims under Delaware law, but we reverse the District Court's order granting summary judgment in favor of Avecia on Stepler's retaliation claim, and we remand the case for further proceedings.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HOWARD L. MOON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-261-JJF |
| | ) | |
| THE DELAWARE RIVER AND BAY AUTHORITY, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2005, I electronically filed a true and correct copy of the foregoing **Letter to The Honorable Joseph J. Farnan, Jr., re: recently decided case supporting Defendant's Motion for Judgment on the Pleadings, and this Certificate of Service** with the Clerk of the Court using CM/ECF, which will send notification that such filing is available for viewing and downloading to the following counsel of record:

Jeffrey K. Martin (Bar I.D. 2407)
Keri L. Morris (Bar I.D. 4656)
Margolis Edelstein
1509 Gilpin Avenue
Wilmington, DE 19806

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adria B. Martinelli
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6613
Facsimile: (302) 576-3282, 3314
Email: wbowser@ycst.com; amartinelli@ycst.com
Attorneys for Defendants
Delaware River and Bay Authority