```
            IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF DELAWARE


HOWARD L. MOON, JR.,              :
                                  :
         Plaintiff,               :
                                  :
    v.                            :   Civil Action No. 05-261-JJF
                                  :
THE DELAWARE RIVER AND BAY        :
AUTHORITY,                        :
                                  :
         Defendant.               :
```

Jeffrey K. Martin, Esquire, and Lori A. Brewington, Esquire of MARGOLIS EDELSTEIN, Wilmington, Delaware.
Attorneys for Plaintiff.

William W. Bowser, Esquire, and Adria B. Martinelli, Esquire of YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, Delaware.
Attorneys for Defendant.

## MEMORANDUM OPINION

February 24, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Defendant's Motion For Partial Judgment On The Pleadings (D.I. 4). Because both parties submitted matters outside the pleadings with their briefing, the Court, pursuant to Fed. R. Civ. P. 12(c), will treat the Motion as one for summary judgment under Rule 56. The Court concludes that Plaintiff has had reasonable opportunity to present all material pertinent to such a motion because Plaintiff's Answering Brief treats Defendant's Motion as one for summary judgment. (see D.I. 8 at 8.) For the reasons discussed, the Court will grant the Motion in part and deny it in part.

## BACKGROUND

At all relevant times, and at least up to the time of filing his Complaint, Plaintiff was employed by Defendant, The Delaware River and Bay Authority ("DRBA"). Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., alleging four causes of action: (1) retaliation for filing complaints with the EEOC, (2) racial discrimination resulting in deprivation of equal employment opportunities, (3) racial discrimination resulting in failure to promote, and (4) breach of the implied covenant of good faith and fair dealing. As part of his first cause of action, Plaintiff alleges that DRBA "denied Plaintiff the opportunity for promotions despite his qualifications," (D.I. 1 at ¶ 48(a)), and "forced Plaintiff to

1

work in a hostile work environment," (Id. at ¶ 48(b)). As part of his third cause of action, Plaintiff again alleges that DRBA "denied Plaintiff numerous opportunities for career advancement despite his qualifications." (Id. at ¶ 57.) Plaintiff alleges multiple instances in which DRBA unfairly failed to promote him, including failure to promote him to Chief Operating Officer ("COO") in November, 2002.

By its Motion, DRBA requests the Court to dismiss Plaintiff's claims with regard to hostile work environment and DRBA's failure to promote him to COO, because those claims were not raised in the charges Plaintiff filed with the EEOC. In addition, DRBA contends that Plaintiff's claim with regard to DRBA's failure to promote him to COO is time barred. DRBA further contends that Plaintiff's fourth cause of action, breach of the implied covenant of good faith and fair dealing, is barred by Delaware statute and that the covenant is inapplicable because Plaintiff's employment was not terminated.

**DISCUSSION**

I.  **Standard of Review**

Federal Rule of Civil Procedure 56(c) provides that a party is entitled to summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is

entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

In determining whether there is a triable dispute of material fact, a court must review all of the evidence and construe all inferences in the light most favorable to the non-moving party. Valhal Corp. v. Sullivan Assocs., Inc., 44 F.3d 195, 200 (3d Cir. 1995). However, a court should not make credibility determinations or weigh the evidence. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). To properly consider all of the evidence without making credibility determinations or weighing the evidence, a "court should give credence to the evidence favoring the [non-moving party] as well as that 'evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.'" Id. at 151.

To defeat a motion for summary judgment, the non-moving party must "do more than simply show that there is some metaphysical doubt as to the material facts. . . .  In the language of the Rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). However, the mere existence of some evidence in support of the non-moving party will not be sufficient to support a denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find

3

for the non-moving party on that issue. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249 (1986). Thus, if the evidence is "merely colorable, or is not significantly probative," summary judgment may be granted. <u>Id.</u>

**II. Whether Plaintiff Failed To Exhaust Administrative Remedies With Respect To Certain Claims**

DRBA contends that the Court should dismiss Plaintiff's claims of hostile work environment and failure to promote him to COO because Plaintiff did not specifically raise those claims in the charges he filed with the EEOC. (D.I. 5 at 9.) In response, Plaintiff contends that those claims should not be dismissed because they are within the scope of the EEOC charges and a reasonable investigation of the charges would have revealed them. (D.I. 8 at 11.) Plaintiff further contends that he provided information relating to those claims to the EEOC, (<u>Id.</u> at 3, 14), that the EEOC investigator neglected to include that information in the charges, (<u>Id.</u>), and that Plaintiff should not be penalized because of the EEOC's negligent omission, (<u>Id.</u> at 12).

Before initiating a lawsuit under Title VII, a plaintiff must first file charges of discrimination with the EEOC and be granted a right-to-sue letter. <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 798 (1973). The purpose of this requirement is to provide the EEOC the chance to "investigate, mediate and take remedial action with respect to a charge of discrimination." <u>Tillman v. The Pepsi Bottling Group, Inc.</u>, 2005 U.S. Dist. LEXIS

4

18891, 17 (D. Del. 2005) (citing Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398 (3d Cir. 1976)). A court should construe these formalities in a general fashion, because "[s]uch technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process." Love v. Pullman, 404 U.S. 522, 526-27 (1972). Therefore, the ambit of a civil complaint, once a right-to-sue letter is issued by the EEOC, is "'defined by the scope of the EEOC investigation which can reasonably be expected to grow out of a charge of discrimination,' regardless of the actual scope of the EEOC investigation." Ebert v. Office of Information Systems, 1998 U.S. Dist. LEXIS 9100, 12, (D. Del. 1998) (citing Hicks v. ABT Assoc., Inc., 572 F.2d 960, 966 (3d Cir. 1978)(quoting Ostapowicz v. Johnston Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976), cert denied, 429 U.S. 1041(1977))).

More specifically, "the relevant test for determining whether plaintiff must exhaust her administrative remedies, therefore, is 'whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom.'" Tillman v. The Pepsi Bottling Group, Inc., 2005 U.S. Dist. LEXIS 18891, 17-18 (D. Del. 2005)(citing Waiters v. Parsons, 729 F.2d 233 (3d Cir. 1984); Ostapowicz, 541 F.2d at 398-99; Flesch v. E. Pa. Psychiatric Inst., 434 F. Supp. 963, 970 (E.D. Pa. 1977); Howze v. Jones &

5

Laughlin Steel Corp., 750 F.2d 1208, 1212 (3d Cir. 1984)). In addition, courts have allowed claims not specifically mentioned in the prior EEOC charge "where there was a close nexus between the facts supporting the claims raised in the charge and those in the complaint." Ebert v. Office Of Information Systems, 1998 U.S. Dist. LEXIS 9100 (D. Del. 1998)(citing Howze, 750 F.2d at 1212; Ostapowicz, 541 F.2d at 398-99).

With respect to Plaintiff's claim that DRBA unlawfully discriminated in failing to promote him to COO, the Court concludes that there is a close nexus between that claim and the six incidents of failure to promote specified in Plaintiff's initial EEOC charge. (see D.I. 6 at A1.) The Court further concludes that a reasonable investigation of that charge would have encompassed that claim within its scope. Therefore, the Court will deny DRBA's Motion with respect to Plaintiff's claim that DRBA unlawfully discriminated in failing to promote him to COO.

With respect to Plaintiff's claim of hostile work environment, the Court concludes that there is not a close nexus between that claim and the facts specified in Plaintiff's EEOC charges. Neither of the charges alleges any fact related to claims of a hostile work environment. Nor do they allege any fact from which a hostile work environment could reasonably be inferred. Thus, the Court further concludes that a reasonable

6

investigation of the charges would not have encompassed that claim within its scope. Therefore, the Court will grant DRBA's Motion with respect to Plaintiff's claim of hostile work environment.

### III. Whether Plaintiff's Claim That DRBA Unlawfully Discriminated In Failing To Promote Him To COO Is Time Barred

DRBA contends that Plaintiff's claim that DRBA unfairly failed to promote him to COO is barred by 42 U.S.C. § 2000e-5(e)(1), which provides that, where, as here, the person filing a Title VII employment discrimination charge has initiated proceedings with a state agency, the charge must be filed with the EEOC within 300 days after the alleged unlawful employment practice occurred. Plaintiff claims that he was unlawfully denied promotion to COO in November, 2002. His initial EEOC charge was filed on April 6, 2004. Plaintiff's Answering Brief (D.I. 8) does not respond to this contention.

Because DRBA's failure to promote Plaintiff to COO occurred more than 300 days before Plaintiff filed his initial EEOC charge, Plaintiff's claim with respect to that incident is time barred unless Plaintiff can demonstrate that DRBA's failure to promote him is part of a continuing violation. Rush v Scott Specialty Gasses, Inc., 113 F.3d 476, 481 (3d Cir. 1997). "The continuing violation theory allows a 'plaintiff [to] pursue a Title VII claim for discriminatory conduct that began prior to

7

the filing period if he can demonstrate that the act is part of an ongoing practice or pattern of discrimination of the defendant.'" Id. (quoting West v. Philadelphia Elec. Co., 45 F.3d 744, 754 (3d Cir. 1995)). To do this, Plaintiff must first show that DRBA committed at least one discriminatory act within the 300 day period. Id. at 481 (citing West, 45 F.3d at 754). Plaintiff must also show that the prior discriminatory act was not an isolated incident, but part of a continuing pattern of discrimination. Id. "A plaintiff satisfying these requirements may present evidence and recover damages for the entire continuing violation, and the 300-day filing period will not act as a bar." Id.

    Reviewing the evidence and construing all inferences in the light most favorable to Plaintiff, the Court concludes that Plaintiff has adequately alleged that DRBA's failure to promote him to COO was part of a continuing violation. Plaintiff alleges at least five other incidents of failure to promote, four of which are clearly within the 300 day period. (D.I. 8 at 2-3.) Moreover, the high degree of similarity between the alleged incidents, and their recurring nature demonstrate that DRBA's failure to promote Plaintiff to COO was part of a continuing pattern of discrimination. Therefore, the Court concludes that Plaintiff's claim that DRBA unlawfully failed to promote him to COO is not time barred.

**IV. Whether Plaintiff States A Claim Under The Implied Covenant of Good Faith and Fair Dealing**

DRBA contends that Plaintiff's fourth cause of action, that DRBA breached the implied covenant of good faith and fair dealing, should be dismissed because DRBA never terminated Plaintiff's employment. Plaintiff's Answering Brief (D.I. 8) does not respond to this contention.

Under Delaware law, the covenant of good faith and fair dealing is recognized as a very narrow exception to the presumption of at-will employment. E.I. DuPont de Nemours and Co. v. Pressman, 679 A.2d 436, 441 (Del. 1996). In order to bring a valid cause of action under the covenant of good faith and fair dealing, a plaintiff must show that his claim falls into one of four exclusive categories:

> "(i) where the termination violated public policy; (ii) where the employer misrepresented an important fact and the employee relied 'thereon either to accept a new position or remain in a present one;'
> (iii) where the employer used its superior bargaining power to deprive an employee of clearly identifiable compensation related to the employee's past service; and (iv) where the employer falsified or manipulated employment records to create fictitious grounds for termination."

Lord v. Souder, 748 A.2d 393, 400 (Del. 2000) (quoting Pressman, 679 A.2d at 442-44).

Here, Plaintiff cannot contend that his claim falls within category i or iv because DRBA did not terminate Plaintiff's employment. Plaintiff does not contend that his claim falls

9

within category ii or iv. Therefore, the Court concludes that Plaintiff's fourth cause of action, breach of the implied covenant of good faith and fair dealing, fails to state a claim upon which relief can be granted.

In addition, the Delaware Discrimination in Employment Act, 19 Del. C. Chapter 7, precludes Plaintiff from bringing his fourth cause of action. In July, 2004, the Act was amended to provide that "[t]his subchapter shall afford the sole remedy for claims alleging a violation of this chapter to the exclusion of all other remedies." 19 Del. C. § 712(b). Moreover, the General Assembly's synopsis of the amendments to the Act states that:

> This bill confirms that Chapter 7 is the exclusive and sole remedy for employment discrimination claims, requiring initial processing of all such claims with the Department of Labor for review and action. This bill effectively re-establishes the exclusive remedy put in question by the decision in Schuster v. Derocili, 775 A.2d 1029 (2001).

S.B. 154, 142d Gen. Ass. (Del. 2004). Accordingly, The Court will grant DRBA's Motion with respect to Plaintiff's fourth cause of action.

## CONCLUSION

In sum, for the reasons discussed, the Court will grant DRBA's Motion with respect to Plaintiff's claim of hostile work environment and Plaintiff's fourth cause of action, breach of the implied covenant of good faith and fair dealing. The Court will

deny DRBA's Motion with respect to Plaintiff's claim that DRBA unlawfully failed to promote him to COO in November, 2002.

    An appropriate order will be entered.