IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HOWARD MOON JR., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No 05-261-JJF |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| THE DELAWARE RIVER AND | ) | |
| BAY AUTHORITY | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION FOR REARGUMENT

Pursuant to United States District Court of Delaware Local Rule 7.1.5, the following is a Motion for Reargument in part of the Order of the Court, dated February 24, 2006, granting Delaware River and Bay Authority's (hereinafter "DRBA") Motion for Judgment on the Pleadings with respect to Plaintiff's claim of hostile work environment. Plaintiff respectfully requests that this Court reconsider its decision granting partial judgment to Defendant on Plaintiff's claim of hostile work environment and deny summary judgment based on the following:

1.   The Court granted DRBA's Motion with respect to Plaintiff's claim of hostile work environment. In its decision, the Court concluded that there was not a close nexus between the claim and the facts specified in Plaintiff's EEOC charge. *Moon v. The Delaware River and Bay Authority*, C.A. No. 05-261 (D. Del. Feb. 24, 2006) at 6. In addition, the Court held that neither of Plaintiff's charges of race and retaliation alleges any fact related to claims of a hostile work environment. *Id*. However, on the face of Charge I (Race Discrimination) and Charge II (Retaliation) of Plaintiff's EEOC complaint, Plaintiff alleged specific incidents which clearly demonstrate that he was

subjected to a hostile work environment based on his race and retaliation. Moreover, a reasonable, thorough and complete investigation of Plaintiff's claims of racial discrimination and retaliation by the EEOC would have uncovered facts which support Plaintiff's claim of a hostile work environment.

    2.    The relevant test for determining whether a plaintiff has exhausted his administrative remedies is "whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint or the investigation arising therefrom." *Tillman v. The Pepsi Bottling Group, Inc.*, 2005 U.S. Dist. LEXIS 18891, 17-18 (D. Del. 2005) (citing *Waiters v. Parsons*, 729 F. 2d 233 (3d Cir. 1984). With that said, courts have allowed claims not specifically mentioned in the prior EEOC charge "where there was a close nexus between the facts supporting the claims raised in the charge and those in the complaint." *Ebert v. Office of Information Systems*, 1998 U.S. Dist. LEXIS 9100 (D.Del. 1998). Therefore, the ambit of a civil complaint, once a right-to-sue letter is issued by the EEOC, is "defined by the scope of the EEOC investigation which can reasonably be expected to grow out of a charge of discrimination." *Id.*

    3.    The Third Circuit has held that five elements must be present to bring a successful claim under Title VII for hostile work environment. The plaintiff must demonstrate that: (1) employee suffered intentional discrimination because of his race; (2) the discrimination was pervasive and regular; (3) the discrimination detrimentally affected the plaintiff; (4) the discrimination would detrimentally affect a reasonable person of the same race in that position; and (5) the existence of respondeat superior liability. *Russel v. Southeastern Pennsylvania Transportation Authority*, 1993 U.S. Dist. LEXIS 12358, (E.D. Pa. September 8, 1993).

4. Most, if not all, of the elements needed to warrant a claim of hostile work environment were specifically alleged in Plaintiff's complaint with the EEOC or would have been encompassed in a reasonable investigation of the race and retaliation charges. For instance, Plaintiff alleged in his charge of race discrimination that he was intentionally discriminated against because of his race by being denied promotional opportunities on at least *six* separate occasions by his employer. Also alleged in his charge of race discrimination is an incident where Ms. Trudy Spence Parker, Chief Human Resources Officer, put her finger in Plaintiff's face in an aggressive and threatening manner, and shouted at Plaintiff, "I am the Chief Human Resources Officer and issues concerning promotions of employees are not your concern and you will be held accountable!" In addition, Plaintiff also alleges in his retaliation charge that he was excluded from participating in the strategic and management planning meetings in April, June and August of 2004. Finally, Plaintiff alleges that Mr. Jim Johnson, the Chief Executive Officer of DRBA, told employees, including a front line employee, that they should not talk to Plaintiff because the Plaintiff had filed an EEOC complaint.

5. In his EEOC charges, the Plaintiff identified specific conduct by DRBA that demonstrated that Plaintiff was subjected to regular and pervasive intentional discrimination because of his race. As the Court noted in its opinion, "Moreover, the high degree of similarity between the alleged incidents, and their recurring nature demonstrate that DRBA's failure to promote Plaintiff to COO was part of a continuing pattern of discrimination." *Moon, supra* at 8. By definition, DRBA's alleged conduct constitutes a hostile work environment.

6.      Further, in reliance on the EEOC representative, Plaintiff set forth his allegations of a hostile work environment based on race in great detail in a supplemental document which he attached to the charge of race discrimination questionnaire.[1] *(See EEOC Affidavit, dated April 6, 2004, attached hereto as Exhibit A)*. Plaintiff reasonably believed this attachment would be reviewed and considered during the course of the EEOC investigation. "When an individual makes a good faith effort to comply with the administrative process by filing charges with the EEOC and relies on the special expertise of the EEOC to implement proper procedures…he should not be barred from suit." *McAdams v. Thermal Industries.*, 428 F. Supp. 156, 161 (W.D.Pa. 1977).

7.      Reviewing the evidence and construing all inferences in the light most favorable to the Plaintiff, the Plaintiff respectfully submits that the specific allegations in Plaintiff's EEOC charges, in addition to the supplemental document attached to the EEOC affidavit, establish a close nexus between the facts supporting the claims raised in the charge and Plaintiff's claim of hostile work environment.

WHEREFORE, for the reasons aforesaid, Plaintiff requests that the Court reconsider its granting of partial judgment to Defendant and deny summary judgment on Plaintiff's hostile work environment claim based of the issues set forth in this Motion for Reargument.

---

[1] Plaintiff's counsel has made several requests to the EEOC in an effort to retrieve a copy of Plaintiff's race discrimination file. Plaintiff's counsel finally received this file on Thursday, March 2, 2006.

Respectfully submitted,

_____
Jeffrey K. Martin, Esquire (DE #2407)
Lori A. Brewington, Esquire (DE #4522)
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680
Attorneys for Plaintiffs

DATED: March 3, 2006

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOWARD MOON JR., ) | |
| ) | |
| Plaintiff, ) | C.A. No 05-261-JJF |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| THE DELAWARE RIVER AND ) | |
| BAY AUTHORITY ) | |
| ) | |
| Defendant. ) | |

### CERTIFICATE OF SERVICE

I, Lori A. Brewington, Esquire, do hereby certify that on March, 3, 2006, I electronically filed *Plaintiffs' Motion for Reargument* with the Clerk of the Court using CM/ECF which will send notification of such filing to the following attorneys-of-record below:

William W. Bowser, Esquire
Adria B. Martinelli, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391

MARGOLIS EDELSTEIN

_____
Lori A. Brewington, Esquire (DE #4522)
1509 Gilpin Avenue
Wilmington, Delaware 19806
(302) 777-4680
Attorneys for Plaintiff

Dated: March 3, 2006