IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HOWARD L. MOON, JR.,                                )
                                                    )
                    Plaintiff,                      )
                                                    )
            v.                                      )    C.A. No. 05-261-JJF
                                                    )
THE DELAWARE RIVER AND BAY AUTHORITY,               )    JURY TRIAL DEMANDED
                                                    )
                    Defendant.                      )

**DEFENDANT'S ANSWER TO
PLAINTIFF'S MOTION FOR REARGUMENT**

Defendant The Delaware River and Bay Authority ("DRBA") answers

Plaintiff Howard L. Moon's ("Moon") Motion for Reargument ("Motion") regarding the

Order ("Order") and Memorandum Opinion ("Opinion") of the Court dated February 24,

2006, dismissing Moon's hostile work environment claim.

            1.      Under Local Rule 7.1.5, motions for reargument are granted only

in narrow circumstances.  "A court should only grant reargument when (i) the court has

patently misunderstood a party, (ii) the court has made a decision outside of the

adversarial issues presented to the court by the parties, or (iii) the court has made an error

not of reasoning but of apprehension."  *BP Amoco Chemical Co. v. Sun Oil Co. et al.*, 200

F. Supp.2d 429, 432 (D. Del. 2002).  As this Court has held, motions for reargument

"should not be used to rehash arguments already briefed."

> A motion for reargument will only be allowed when it is
> patently clear the judge has committed error.  Any lesser
> constraint would only serve to encourage "a never ending
> polemic between litigants and the Court [sic]."  *See*
> *Schering Corp. v. Amgen, Inc.*, 25 F. Supp.2d 293, 295
> (D. Del. 1998).  Thus, "it follows that grant of reargument
> should be denied where the proponent simply rehashes
> materials and theories already briefed, argued, and
> decided."  *See id.*

*Garrison v. Bethany Beach*, 2001 U.S. Dist. LEXIS 8434, at * 2 (D. Del. Apr. 11, 2001).
In this case, Moon has offered no new argument in his Motion, he simply rehashes
materials and theories already briefed and decided.  Therefore, his Motion should be
denied.

        2.      Moon does not disagree with the Court's holding that any claims
not specifically enumerated in the prior EEOC charge may be permitted only if "there [is]
a close nexus between the fact supporting the claims raised in the charge and those in the
complaint."  *See Ebert v. Office Information Systems*, 1998 U.S. Dist. LEXIS 9100
(D. Del. 1998); Opinion at 6; Motion at paragraph 2.

        3.      Moon simply disagrees with the Court's analysis that no such
"close nexus" exists between his claims of hostile work environment and the content of
his charges.  The Court concluded after full briefing on this issue that "there is not a close
nexus between [the hostile work environment] claim and the facts specified in Plaintiff's
EEOC charges.  Neither of the charges alleges any fact related to claims of hostile work
environment.  Nor do they allege any fact from which a hostile work environment could
reasonably be inferred."  Opinion at 6.

        4.      Now, offering no new argument or cases on point, Moon simply
asks the Court to reverse its well-considered analysis on this issue.  In its opening brief,
DRBA cited numerous cases analyzing whether or not a "close nexus" of facts between
charge and complaint existed, and Moon had an opportunity to respond.  *See*, *e.g.*,
*Visnikar v. Dept. of Environmental Protection*, 2004 U.S. District LEXIS 3645, at *19
(W.D. Pa. Jan. 27, 2004); *Lawton v. Sunoco, Inc.*, 2002 U.S. Dist. LEXIS 13039, at *13
(E.D. Pa. July 17, 2002) (each concluding based on similar charges that a hostile work

DB01:2026455.1                                                                                                          051649.1010

environment claim was not exhausted administratively).  Notably, Moon has not, in any

filing, cited to cases with similar facts to support its analysis that a "close nexus" exists in

this case.

5.       Moon further reargues that the Court should reconsider its decision

because he set forth allegations pertaining to a hostile work environment in a

supplemental document submitted to the EEOC ("Affidavit").  Moon made this

argument, and DRBA responded to it, prior to the Court's Order.  The only thing new is

that with Moon's Motion, he has for the first time submitted a copy of the Affidavit.

6.       Even assuming, *arguendo*, that the newly submitted Affidavit sets

forth facts which could form the basis of a hostile work environment claim, the Court

considered this issue.  The fact that the alleged document has now been supplied has no

bearing on the Court's analysis.

7.       The Title VII requirement that charges be in writing is to provide

notice to the employer and to permit the EEOC to use a informal, non-judicial means of

reconciling the differences between a charging party and employer.  *Hicks v. ABT*

*Associates*, 572 F.2d 960, 963 (3d Cir. 1978).  Additional allegations, even in the form of

a written affidavit, which to do not reach the employer should not be deemed a part of the

charge, as the only notice received by the employer is contained in the charge itself.  *See*

*Vela v. Sauk Village*, 218 F.3d 661, 665 (7th Cir. 2000).  DRBA has never seen the

Affidavit until it was filed with this Court.  Therefore, it has had no opportunity to

conciliate these claims.

8.       Moreover, Moon had a chance to review and sign his charges.  If

he thought either of his charges were deficient for not including his hostile work

environment allegations, he had the opportunity to correct them.  Moreover, he had the

chance to amend his charges after he was represented by counsel.  A charge of

discrimination is a binding legal document, and Moon has presented no compelling

reason to now claim its contents were inaccurate or incomplete.

9.      Moon has cited no authority for the notion that a supplemental

document attached to his questionnaire and not made a part of either of his charges

should allow him to turn Title VII on his head and obviate its administrative filing

requirements.  Instead, Moon cites to the same case cited in his opposition brief,

*McAdams v. Thermal Indus.*, 428 F. Supp. 156, 161 (W.D. Pa. 1997), for the principle

that the EEOC's alleged omission should permit him to bring claims forward which were

not included in his charges.

10.     As noted in DRBA's reply brief, *McAdams* and other cases cited by

Moon are inapposite for three notable reasons (1) these cases involve the EEOC's failure

to follow a specific regulation; (2) the employers in these cases had notice and

opportunity to conciliate the charges; and (3) there was no way for the claimant to detect

the EEOC omission.  Reply Brief at 7-9.  In this case, Moon has pointed to no regulation

violated by the EEOC; DRBA had no notice and opportunity to conciliate the claims set

forth in his Affidavit; and Moon had the opportunity to review his charges and correct or

amend any alleged deficiencies before signing.

11.     Lastly, Moon argues in his Motion the Court's discussion regarding

failure to promote to the COO position and the "high degree of similarity between the

alleged incidents and their recurring nature . . . [demonstrating] part of a continuing

pattern of discrimination," in and of itself means a hostile work environment existed.

Moon chooses to ignore the Court's obvious determination that the other incidents were not sufficiently similar to constitute a "continuing pattern."[1]

12.    Moon merely disagrees with the Court's reasoning and rehashes arguments already made.  He has offered no grounds under Rule 7.1.5 for the Court to reverse its decision.

WHEREFORE, DRBA respectfully requests that the Court deny Moon's Motion for Reargument and allow its Order of February 24, 2006, to stand.

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Adria B. Martinelli
William W. Bowser, Esquire (Bar I.D. 2239)
Adria B. Martinelli, Esquire (Bar I.D. 4056)
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone: (302) 571-6601, 6623
Facsimile: (302) 576-3282, 3314
wbowser@ycst.com; amartinelli@ycst.com
Attorneys for Defendant
Delaware River and Bay Authority

DATED:    March 17, 2006

---

[1]DRBA maintains its position that any failure-to-promote claims are considered discrete claims and cannot be a part of any "continuing violation," such that a plaintiff would have more than 300 days to file a charge on such claim. *See*, *e.g.*, *Rush v. Scott Specialty Glasses, Inc.*, 113 F.3d 476, 484 (3d Cir. 1997), cited in opening brief. *See also Williams v. Rohm & Haas Co.*, 90 Fed. Appx. 627, 628 (3d Cir. 2004) (citing *AMTRAK v. Morgan*, 536 U.S. 101, 114 (2002) for the principle that a failure-to-promote claim is a discrete act of discrimination not susceptible of analysis under a continuing violation theory, and each such discrete discriminatory act starts a new clock for filing charges alleging that act.)