# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HOWARD MOON JR., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No 05-261-JJF |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| THE DELAWARE RIVER AND | ) | |
| BAY AUTHORITY | ) | |
| | ) | |
| Defendant. | ) | |

## REPLY TO DEFENDANT'S ANSWER
## TO PLAINTIFF'S MOTION FOR REARGUMENT

1. The Employer correctly notes in its Answer that, "A court should only grant reargument when (i) the court has patently misunderstood a party, (ii) the court has made a decision outside the adversarial issues presented to the court by the parties, or (iii) the court has made an error not of reasoning but of apprehension." BP Amoco Chemical Co. v. Sun Oil Co. et al., 200 F. Supp.2d 429, 432 (D. Del. 2002). In the instant case, the Plaintiff, Howard L. Moon (hereinafter "Moon") respectfully submits that the Court has made a decision outside the adversarial issues presented by the Plaintiff; while simultaneously misunderstanding the Plaintiff's argument with respect to his claims against his employer, the Delaware River and Bay Authority (hereinafter "DRBA"), of a hostile work environment.

2. The Court, in its decision, did not address Plaintiff's contention that he submitted an attached document to his EEOC Affidavit (*See Plaintiff's Answering Brief at 11,14, and Plaintiff's EEOC Affidavit*) which specifically detailed his claim of hostile work environment. Additionally, the Court did not consider the Plaintiff's allegation that the EEOC representative advised him in a meeting that all of the claims set forth in the supplementary documentation submitted on April 6, 2004 (*the very same day he submitted his charge of discrimination*) would be "part of the investigative process." (*See Moon's Affidavit, attached to Plaintiff's Answering Brief, B-0002*).

3.      A court may consider "allegations outside of the body of the charge…when it is clear that the charging party intended the agency to investigate the allegations." Cheek v. Western & S. Life Ins. Co., 31 F.3d 497, 502 (7th Circuit). For example, in Cheek, the court found that "in assessing the scope of the EEOC charge, we may consider the [charging party's] statements in a sworn affidavit that she filed in support of the charge." Id. Also, in Rush v. McDonald's Corp., 966 F.2d 1104, 1110 (7th Cir. 1992), the court considered a three-page, handwritten affidavit submitted to the EEOC along with the charge. Finally, in Box v. A & P Tea Co., 772 F.2d 1372, 1375 (7th Cir. 1985), the Court looked to a handwritten addendum to a typed charge along with the plaintiff's questionnaire and found that the plaintiff had adequately presented a sex discrimination claim to the EEOC.

4.      The courts frequently consider allegations outside of the body of the charge in situations where the charging party made an attempt to incorporate the documents containing the allegations into the charge itself. Sickinger v. Mega Systems, Inc., 951 F. Supp. 153, 157 (N.D.Ind. 1996). The standard allowing the Courts to look beyond the EEOC charge is a question of whether it was clear that the charging party *intended* for the agency to investigate the allegations. Id. at 158. The appropriate standard for measuring exhaustion of administrative remedies in an employment discrimination lawsuit is not those charges that the EEOC in fact considered, but those that were brought to its attention. Rush, *supra* at 1112.

5.      As noted, the Plaintiff submitted this supplemental document by attaching it to his EEOC Affidavit on the very same day he filed his discrimination charges with the EEOC. Further, Plaintiff spoke with the EEOC investigator and specifically expressed his concerns about the allegation in the supplemental document being investigated by the EEOC. Thereafter, the EEOC investigator assured Plaintiff that the EEOC would investigate all of the information submitted in his supplemental document. (*See Moon's Affidavit*). Perhaps most important, however, the Plaintiff used the title, "added Harassment Complaint" in bold print to describe a section of the supplemental document. (*See page 2 of 12 in the EEOC Affidavit*). Clearly, the Plaintiff intended for the EEOC to investigate his claims of hostile work environment and a

reasonable investigation of the allegations outlined in this supplemental document would have encompassed Plaintiff's claim of a hostile work environment.

6. Plaintiff's supplemental document in the EEOC Affidavit indicates a clear pattern of a hostile work environment. In July 2002, Plaintiff was almost assaulted by supervisor Steve Russell, who had to be restrained (*see page 7 of 12 of EEOC Affidavit*); in September 2003, Plaintiff was excluded from meetings and "kept in the dark" (*see page 4*); in January and February of 2003, Plaintiff was humiliated by the CEO and encouraged to seek employment elsewhere (*see page 4*); in May 2003, Plaintiff was told by CHRO to forget his time of service and look at options outside DRBA (*see page 6*); also in May 2003, Plaintiff was told by a human resources employee that CHRO was bragging about firing a 62 year old black man (*see page 6*); also in May 2003, the Plaintiff was subjected to racial slurs (*see page 7*); and also in 2003, Plaintiff learned of a black employee being referred to as a nigger always trying to get free money (*see page 6*). Accordingly, Plaintiff made every effort to detail his allegations of a hostile work environment when he submitted this document to the EEOC. To suggest otherwise would be completely irreconcilable with the facts of this case.

7. The DRBA contends that Plaintiff had the chance to review his charges and that he should have amended them to include his hostile work environment. Since he did not, the DRBA asserts that he is forever barred. (*DRBA's Answer at* 3,4). However, the Plaintiff questioned the EEOC representative regarding her failure to include all of the allegations in the EEOC document. The EEOC representative advised Plaintiff that all the claims set forth in the supplementary documentation would be "part of the investigative process." (*See Moon's Affidavit*). Similarly to the Plaintiff, in the Sickinger case, *supra*, the EEOC, by making such assurances, affirmatively misled the Plaintiff into believing he had properly filed his hostile work environment claim. Sickinger at 158. Conditioning a plaintiff's right to recover on the omissions of other parties would unduly undermine the remedial purposes of Title VII of the Civil Rights Act of 1964. Jackson v. Local 705, International Brotherhood of Teamsters, 2002 U.S. Dist. LEXIS 4908, (N.D. Ill. 2002).

8. The DRBA contends that Plaintiff's claims of a hostile work environment should not be included in his civil suit because the DRBA has never seen the Affidavit and therefore, it has had no opportunity to conciliate these claims. (*DRBA's Answer at 3*). However, the courts have consistently held that lack of notice to the employer does not warrant the inequitable result of precluding from suit an aggrieved person who has done everything required of him to exhaust his administrative remedy. McAdams v. Thermal Industries, Inc., 428 F. Supp. 156, 160 (W.D. Pa. 1977). An employee, such as the Plaintiff, should not be denied access to the courts because of omissions by the EEOC. Id. Although neither the employer nor the employee was at fault concerning the notice failure, the prejudice caused to the aggrieved employee by forever precluding a judicial remedy, would, in the overwhelming number of cases, be much greater than any prejudiced caused the employer by the delay or lost opportunity to conciliate. Id. When balancing the inequities, Plaintiff's opportunity to bring his claim of hostile work environment; despite the EEOC's omissions, strongly outweighs DRBA's lost opportunity to conciliate.

9. Further, the Equal Employment Opportunity Act is a remedial statute to be liberally construed in favor of victims of discrimination. EEOC v. Wah Chang Albany Corp., 499 F. 2d 187, 189 (9th Cir. 1974) Accordingly, "courts confronted with procedural ambiguities in the statutory framework have, with virtual unanimity, resolved them in favor of the complaining party." Sanchez v. Standard Brands, Inc., 431 F. 2d 455, 461 (5th Cir. 1970). "Where we interpret the statute's procedural prerequisites stringently, the ultimate result would be to shield illegal discrimination from the procedural complexities of Title VII with "flexibility". Cummings v. D'Ambrosio et al., 458 F. Supp. 1181, 1184 (D. Neb. 1978). This is especially true where the employee has acted diligently to protect his rights, as plaintiff has in the instant case.

10. Lastly, the Plaintiff gave four clear examples of a hostile work environment on the face of his charges, as noted in Plaintiff's Motion for Reargument. A reasonable, thorough and complete investigation of Plaintiff's claims by the EEOC would have uncovered facts which support Plaintiff's claims of hostile work environment. A civil action is much more intimately related to the EEOC investigation than to the words of the charge which originally triggered the

investigation. Sanchez v. Standard Brands, Inc., 431 F.2d 455, (5th Cir.1970). It is only logical to limit the permissible scope of the civil action to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge. Id.

11.     If the Plaintiff's contentions of fact are true, which they must be taken as such in deciding a motion for summary judgment, then the Plaintiff has done everything a person can reasonably be expected to do to properly present his claim to the EEOC. When reviewing this evidence and construing all inferences in the light most favorable to the Plaintiff, it is abundantly clear that the Plaintiff, indeed, intended for the EEOC to investigate his allegations of a hostile work environment. In such a situation, the equities should balance in favor of allowing the employee to maintain a claim on its merits. Early v. Bankers Life & Cas. Co., 959 F. 2d 75, 81 (7th Cir. 1992).

WHEREFORE, for the reasons aforesaid, Plaintiff requests that the Court reconsider its granting of partial judgment to Defendant and deny summary judgment on Plaintiff's hostile work environment claim based of the issues set forth in this Motion for Reargument.

Respectfully submitted,

/s/ Jeffrey K. Martin

Jeffrey K. Martin, Esquire (DE #2407)
Lori A. Brewington, Esquire (DE #4522)
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680
Attorneys for Plaintiffs

DATED: March 27, 2006

IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOWARD MOON JR., ) | |
| ) | |
| Plaintiff, ) | C.A. No 05-261-JJF |
| ) | |
| v. ) | JURY TRIAL DEMANDED |
| ) | |
| THE DELAWARE RIVER AND ) | |
| BAY AUTHORITY ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

I, Lori A. Brewington, Esquire, do hereby certify that on March, 27, 2006, I electronically filed *Reply to Defendant's Answer to Plaintiff's Motion for Reargument* with the Clerk of the Court using CM/ECF which will send notification of such filing to the following attorneys-of-record below:

William W. Bowser, Esquire
Adria B. Martinelli, Esquire
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building, 17th Floor
1000 West Street, P.O. Box 391

MARGOLIS EDELSTEIN

Lori A. Brewington, Esquire (DE #4522)
1509 Gilpin Avenue
Wilmington, Delaware 19806
(302) 777-4680
Attorneys for Plaintiff

Dated: March 27, 2006