IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HOWARD MOON, JR.,              :
                               :
        Plaintiff,             :
                               :
    v.                         :   Civil Action No. 05-261-JJF
                               :
THE DELAWARE RIVER AND         :
BAY AUTHORITY,                 :
                               :
        Defendant.             :

### MEMORANDUM ORDER

Pending before the Court is Plaintiff's Motion For Reargument (D.I. 21). For the reasons discussed, the Motion will be denied.

### BACKGROUND

Before filing his original Complaint, Plaintiff was employed by Defendant, The Delaware River and Bay Authority ("DRBA"). Plaintiff filed his action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., alleging four causes of action: (1) retaliation for filing complaints with the EEOC, (2) racial discrimination resulting in deprivation of equal employment opportunities, (3) racial discrimination resulting in failure to promote, and (4) breach of the implied covenant of good faith and fair dealing. As part of his first cause of action, Plaintiff alleges that DRBA "forced Plaintiff to work in a hostile work environment." (D.I. 1 at P48(a).) By its Order dated February 24, 2006, (D.I. 20), the Court granted Defendant's

Motion For Judgment On The Pleadings (D.I. 4), granting Defendant partial summary judgment with respect to Plaintiff's claim of a hostile work environment. By his Motion, Plaintiff requests the Court to reconsider that decision.

## DISCUSSION

### I. Standard For Deciding A Motion For Reargument

Motions for reconsideration "ought to be granted only sparingly." Karr v. Castle, 768 F.Supp. 1087, 1090 (D. Del. 1991). The purpose of granting a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicky, 779 F.2d 906, 909 (3d Cir. 1985). A court may grant a motion for reconsideration if the moving party shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration should not be granted merely to allow the "repetition of arguments that were or should have been presented to the court previously." Karr, 768 F. Supp. at 1093.

### II. Whether Plaintiff Is Entitled To Reconsideration Of The Court's Grant Of Partial Summary Judgment

Plaintiff does not specify which theory he contends entitles him to reconsideration of the Court's previous grant of partial

1

summary judgment; however, Plaintiff appears to suggest that newly discovered evidence shows that he sufficiently alleged a hostile work environment claim in his EEOC charge, thereby satisfying the requirement that he exhaust all administrative remedies before filing suit.  The purported newly discovered evidence consists of a supplemental document he alleges he attached to his charge of race discrimination questionnaire filed with the EEOC.  Plaintiff contends that he "made several requests to the EEOC in an effort to retrieve a copy," (D.I. 21, at n.1), but did not receive one until March 2, 2006, and therefore, was unable to include a copy with his original complaint.

    The Court cannot conclude that this supplemental document entitles Plaintiff to reconsideration of the Court's decision to grant Defendant's Motion For Partial Summary Judgment.  The evidence cannot be characterized as newly discovered because Plaintiff drafted the document himself, referenced it frequently in his original complaint, and therefore, clearly knew it existed.  Discovery of the document is not the issue, and Plaintiff does not explain why he did not have a copy of the self-drafted document himself or why, with due diligence, he could not have obtained a copy of the document earlier.

    Plaintiff has not persuaded the Court that a manifest injustice will occur if his Motion is denied.  The remaining contentions in Plaintiff's Motion simply reiterate his earlier

arguments on which the Court has already ruled. The Court determined that the requisite close factual nexis does not exist between Plaintiff's specific allegations in his EEOC charge and his additional claim for hostile work environment. Plaintiff presents no new argument for the Court to consider.

## CONCLUSION

For the reasons discussed, the Court concludes that Plaintiff has not met its burden of showing why the Court should grant its Motion For Reargument (D.I. 21). Accordingly, the Court will deny the Motion.

NOW THEREFORE, IT IS HEREBY ORDERED that Plaintiff's Motion For Reargument (D.I. 21) is **DENIED**.

March 24, 2006                    UNITED STATES DISTRICT JUDGE

3