## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HOWARD L. MOON, JR., : | |
| : | |
| Plaintiff, : | C.A. NO. 05-261 (JJF) |
| : | |
| v. : | |
| : | JURY TRIAL DEMANDED |
| THE DELAWARE RIVER AND BAY : | |
| AUTHORITY, : | |
| : | |
| Defendant. : | |

### PLAINTIFF'S RULE 26(a) PRE-DISCOVERY DISCLOSURES

Plaintiff, Howard L. Moon, Jr., by and through his undersigned attorneys, hereby exchanges the following Pre-Discovery Disclosures, pursuant to Fed. R. Civ. P. 26(a)(1).

### RESERVATIONS

1.   Plaintiff's Initial Disclosures are made without waiver of, or prejudice to, any objections Plaintiff may have. Plaintiff expressly reserves all objections, including, but not limited to: (a) relevance; (b) attorney-client privilege; (c) work-product protection; (d) any other applicable privilege or protection under federal or state law; (e) undue burden; (f) materiality; (g) overbreadth; (h) the admissibility in evidence of these Initial Disclosures of the subject matter thereof; and (i) producing documents containing information disclosed or transmitted to any state or federal agency, to the extent such information is confidential and not required to be disclosed under applicable law. All objections are expressly preserved, as is Plaintiffs right to move for a protective order. Plaintiff reserves the right to retract any inadvertent disclosures of information or documents that are protected by the attorney-client privilege, the work product doctrine or any other applicable protection.

2.      Plaintiff has not completed her investigation of this case and reserves the right to clarify, amend, modify, or supplement the information contained in these Initial Disclosures if and when it obtains supplemental information, to the extent required by the Federal Rules of Civil Procedure.

3.      Plaintiff's Initial Disclosures are made subject to and without limiting any of the foregoing.

## INITIAL DISCLOSURES

I.      The name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularity in the pleadings, identifying the subjects of the information.

**ANSWER:**

**Attached.**

II.     A copy of, or a description by category and location of, all documents, data compilations, and tangible things in the possession, custody, or control of the party that are relevant to disputed facts alleged with particularity in the pleadings.

**ANSWER:**

1.      Documents pertaining to racial bias including but not limited to: Delaware River and Bay Authority Equal Employment Opportunity Action Plan Executive Summary; memo from Howard Moon, plaintiff to Heath Gehrke, dated 9/05/06 pertaining to HR Issues.; DRBA Strategic Planning Communications Task Force dated March 2005;

2.      Documents pertaining to a hostile work environment/budget cuts including but not limited to: memo from meeting COO Jim Walls of 9/13/05; memo from meeting with Superintendent of Tolls Heath Gehrke and Jim Walls dated 9/29/05; e-mails that show resistance from CIO towards plaintiff;

3.      Documents pertaining to a hostile work environment/Steve Russell including but not limited to: memo dated 7/8/02, regarding demotion resulting in lower pay category K; evidence to show plaintiff was treated differently than other

...

managers; evidence to show violation of Villanova agreement; e-mail from plaintiff to Linda Murphy, James Johnson, Glenn Cox regarding discrimination dated 12/5/02;

    4.    Documents pertaining to evidence of experience/denial of advancement opportunities including but not limited to: 1998 Cape May-Lewis Ferry Retreat where plaintiff was involved as a manager; documents that show scope of department heads exposure to all facets of Ferry Operations; proof of financial/business practices experience; Internet Reservations prepared by plaintiff, etc.

    5.    Plaintiff reserves the right to name additional documents at a later time and/or during the discovery process. Plaintiff further reserves the right to utilize any and all of Defendant's documents.

III.    A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**ANSWER:**

**To be provided at a later date.**

IV.    For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**ANSWER:**

**Not applicable**

MARGOLIS EDELSTEIN

*/s/ Jeffrey K. Martin*

Jeffrey K. Martin, Esquire (#2407)
Lori A. Brewington, Esquire (#4522)
1509 Gilpin Avenue
Wilmington, DE 19806
(302) 777-4680
(302) 777-4682 fax
jmartin@margolisedelstein.com
lbrewington@margolisedelstein.com
Attorneys for Plaintiff

Dated: