AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

Howard L. Moon, Jr.,

**V.**

Delaware River & Bay Authority,

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 05-261-JJF

TO:  Maria F. Rayias, Ph.D.
Psychological Divorce Mediation Services
200 Christiana Village Professional Center
Newark, DE 19702

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **Any and all records, notes, reports, consultations, summaries, diagnostic test reports, correspondence, memoranda, billing records, and any other documents pertaining to your patient, Howard L. Moon, Jr., DOB: 5/27/56; SSN: 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)**

| PLACE | DATE AND TIME |
|---|---|
| Young, Conaway, Stargatt & Taylor, LLP, 1000 West Street, 17th Floor, P.O. Box 391, Wilmington, DE 19899-1031 | February 9, 2007  9:00 a.m.[1] |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Adria Martinelli*     Attorney for Defendant | February 5, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Adria B. Martinelli, Esquire, Young Conaway Stargatt & Taylor, LLP, The Brandywine Building, 17th Floor, PO Box 391, Wilmington, DE 19899-1031, (302) 571-6613

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

---

[1] Personal appearance is waived if documents are received before specified date.

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE 2/5/07 | PLACE 200 CHRISTIANA VILLAGE PROF CNTR NEWARK, DE 19702 |
|---|---|---|
| SERVED | MARIA F RAYIAS, PH.D. | |

SERVED ON (PRINT NAME)           MANNER OF SERVICE
MARIA RAYIAS                     BY HAND AT 3:20 PM

SERVED BY (PRINT NAME)           TITLE
JOHN A GARBER                    PROCESS SERVER

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   2/5/07

_____
SIGNATURE OF SERVER

230 N MARKET ST
ADDRESS OF SERVER

WILM DE 19801

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.
(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
   (i) fails to allow reasonable time for compliance;
   (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
   (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
   (iv) subjects a person to undue burden.
(B) If a subpoena
   (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
   (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
   (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.
(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# YOUNG CONAWAY STARGATT & TAYLOR, LLP

BEN T CASTLE
SHELDON N SANDLER
RICHARD A. LEVINE
RICHARD A. ZAPPA
FREDERICK W. IOBST
RICHARD H. MORSE
DAVID C MCBRIDE
JOSEPH M. NICHOLSON
CRAIG A. KARSNITZ
BARRY M WILLOUGHBY
JOSY W. INGERSOLL
ANTHONY G. FLYNN
JEROME K GROSSMAN
EUGENE A DIPRINZIO
JAMES L. PATTON, JR
ROBERT L. THOMAS
WILLIAM D. JOHNSTON
TIMOTHY J SNYDER
BRUCE L. SILVERSTEIN
WILLIAM W BOWSER
LARRY J TARABICOS
RICHARD A DiLIBERTO, JR
MELANIE K. SHARP
CASSANDRA F. ROBERTS
RICHARD J A POPPER
TERESA A CHEEK

NEILLI MULLEN WALSH
JANET Z CHARLTON
ROBERT S. BRADY
JOEL A WAITE
BRENT C. SHAFFER
DANIEL P. JOHNSON
CRAIG D GREAR
TIMOTHY JAY HOUSEAL
MARTIN S. LESSNER
PAULINE K. MORGAN
C BARR FLINN
NATALIE WOLF
LISA B. GOODMAN
JOHN W. SHAW
JAMES P. HUGHES, JR
EDWIN J. HARRON
MICHAEL R. NESTOR
MAUREEN D LUKE
ROLIN P. BISSELL
SCOTT A. HOLT
JOHN T. DORSEY
M. BLAKE CLEARY
CHRISTIAN DOUGLAS WRIGHT
DANIELLE GIBBS
JOHN J PASCHETTO
NORMAN M. POWELL

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(800) 253-2234 (DE ONLY)
FAX: (302) 571-1253

110 WEST PINE STREET
P.O. BOX 594
GEORGETOWN, DELAWARE 19947
(302) 856-3571
(800) 255-2234 (DE ONLY)
FAX: (302) 856-9338

WWW.YOUNGCONAWAY.COM

DIRECT DIAL: (302) 571-6686
DIRECT FAX: (302) 576-3359
dcoles@ycst.com

LISA A ARMSTRONG
JOSEPH M. BARRY
SEAN M BEACH
SANJAY BHATNAGAR
DONALD J. BOWMAN, JR
TIMOTHY P. CAIRNS
JEFFREY T CASTELLANO
KARA HAMMOND COYLE
MARGARET M DiBIANCA
MARY F DUGAN
ERIN EDWARDS
KENNETH J. ENOS
IAN S FREDERICKS
JAMES J GALLAGHER
SEAN T GREECHER
STEPHANIE L HANSEN
DAWN M JONES
RICHARD S. JULIE
KAREN E KELLER
JENNIFER M KINKUS
EDWARD J KOSMOWSKI
JOHN C KUFFEL

SPECIAL COUNSEL
JOHN D MCLAUGHLIN, JR
ELENA C NORMAN
KAREN L PASCALE
PATRICIA A WIDDOSS

KAREN LANTZ
TIMOTHY E LENGKEEK
ANDREW A. LUNDGREN
MATTHEW B LUNN
JOSEPH A MALFITANO
ADRIA B MARTINELLI
MICHAEL W. MCDERMOTT
MARIBETH L MINELLA
EDMON L MORTON
D FON MUTTAMARA-WALKER
JENNIFER R. NOEL
ADAM W POFF
SETH J. REIDENBERG
SARA BETH A REYBURN
KRISTEN R. SALVATORE
MICHELE SHERRETTA
MONTÉ T. SQUIRE
MICHAEL P. STAFFORD
CHAD S.C STOVER
JOHN E TRACEY
MARGARET B WHITEMAN
SHARON M ZIEG

SENIOR COUNSEL
CURTIS J CROWTHER

OF COUNSEL
BRUCE M STARGATT
STUART B. YOUNG
EDWARD B MAXWELL, 2ND

December 22, 2006

Maria F. Rayias, Ph.D.
Psychological Divorce Mediation Services
200 Christiana Village Professional Center
Newark, DE 19702

  Re: Your Patient: Howard L. Moon, Jr.
     DOB: DOB: 5/27/56
     SSN: 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

Dear Dr. Rayias:

  Please furnish this office with copies of any and all medical records, notes, reports, consultations, summaries, diagnostic test reports, correspondence, memoranda, billing records, and any other documents in your possession, custody, or control regarding Howard L. Moon, Jr. I am enclosing a medical authorization which has been executed by Mr. Moon.

  Thank you for your prompt attention to this matter. If there is a fee for copying, please include your statement along with the records, and we will see that it is promptly paid.

            Very truly yours,

            *Deborah L. Coles*

            Deborah L. Coles
            Paralegal

DC:hs
Enclosure

DB01:2241645.1

051649.1010

TO:     PHYSICIAN FOR HOWARD L. MOON, JR.

FROM:   YOUNG CONAWAY STARGATT & TAYLOR, LLP

RE:     Medical Information and Records

By this release, signed by your patient Howard L. Moon, Jr. ("Patient"), you are authorized and directed to permit the examination and copying or reproduction of the documents listed below in any manner requested or authorized by Young Conaway Stargatt & Taylor, LLP, specifically, Adria B. Martinelli, Esquire.

    a.  Other medical records of Patient, including patient record cards, chart notes, x-ray readings and reports, laboratory records and reports, all tests of any type or character and reports thereof, statement of charges, and any and all records pertaining to medical care, history, condition, treatment, diagnosis, prognosis, etiology through the present;

    b.  Hospital records of Patient, including x-ray readings and reports, laboratory records and reports, all tests of any type or character and reports thereof, chart notes, statements of charges, and any and all records pertaining to hospitalization, history, condition, treatment, diagnosis, prognosis, etiology or expense through the present; and

    c.  Other records relating to medical treatment or examination of Patient, including records pertaining to insurance benefits or third-party payor benefits through the present.

Patient makes this consent upon the premise that all disclosures of alcohol and drug abuse records, if any, made pursuant to this authorization shall be accompanied by the following notice:

> NOTE: This information has been disclosed to you from records whose confidentiality is protected by Federal Law. Federal Regulation (42 CFR Part 2) prohibits you from making any further disclosure of it without the specific written consent of the person to whom it pertains, or as otherwise permitted by such regulations. A general authorization for release of the information is NOT sufficient for this purpose.

> THIS CONSENT DOES NOT INCLUDE DISCLOSURE OF INFORMATION ABOUT PATIENT'S STATUS AS HIV NEGATIVE OR POSITIVE.

Patient understands that this consent is subject to revocation at any time, upon written notification by Patient to your treating facility, except to the extent that action has been taken in reliance thereon.

Patient hereby acknowledges that he has read, is familiar with, and fully understands the terms and conditions of this consent. Photocopies of this signed release shall be treated as executed originals.

_____        12/6/06
Signature of Patient                                  Date

DOB: 5/27/56
SSN: 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

_____
Signature of Witness